IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11340
Conference Calendar

_____

RICHARD GERMAN ROBINSON,

                                        Plaintiff-Appellant,

versus

JAMIE BLOUNT, Correctional Officer II;
CORY CHANDLER, Correctional Officer III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-134
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Richard German Robinson, Texas prisoner # 819174, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). He argues that Jamie Blount and Cory Chandler used excessive force against him, hit him from behind, and pushed him to the floor. He argues that he suffered mental, not physical, injuries. Because he has not shown that he suffered more than a de minimis injury, he has not established a 42 U.S.C. § 1983

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim for mental or emotional suffering. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Further, under 42 U.S.C. § 1997e(e), he may not recover damages for mental or emotional injury without a prior showing of physical injury. Therefore, he has not shown that the district court abused its discretion in dismissing as frivolous his claim that Blount and Chandler used excessive force. See Siglar, 112 F.3d at 193.

For the first time on appeal, Robinson argues that the defendants conspired to cover up the alleged excessive use of force. Robinson may not raise a new theory of recovery for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

Robinson argues that his due process rights were violated because false evidence was presented during a disciplinary proceeding and he was not allowed to call witnesses. Robinson has not shown that the disciplinary hearing was reversed, expunged, or otherwise declared invalid and, therefore, his claim is barred by Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Robinson has not shown that the district court abused its discretion in dismissing as frivolous his claim challenging the disciplinary proceeding. See Siglar, 112 F.3d at 193.

Robinson's appeal is without arguable merit and, therefore, it is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Robinson is advised that the district court's dismissal of this case and the dismissal of this appeal both count as strikes for the purposes

of 28 U.S.C. § 1915(g). <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385 (5th Cir. 1996). Robinson is advised that if he accumulates three strikes, he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.